UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL SANDERS,<br>Plaintiff,<br>vs.<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br>Defendant. | C. A. NO. 07-012S |

**ANSWER OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") hereby answers the allegations contained in Plaintiff's Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. The allegations in paragraph 2 state legal conclusions to which no response is required.

3. The allegations in paragraph 3 state conclusions to which no response is required. To the extent a response is required, Liberty Life denies Plaintiff's characterization of the amount in controversy.

4. Denies knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph 4, as paragraph 4 does not plead with sufficient clarity to whom or for what Liberty Life is alleged to be a "Fiduciary."

5. Admits the allegations in paragraph 5.

6. Admits the allegations in paragraph 6

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits upon information and belief that Plaintiff worked for Lowe's Companies, Inc.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies the allegations in paragraph 9, except admits that Plaintiff was a participant in a long-term disability plan pursuant to a policy of insurance issued to Lowe's by Liberty Life.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies the allegations in this paragraph, except states that the medical records explaining Plaintiff's medical conditions and the administrative record for Plaintiff of which they are a part speak for themselves.

12. Admits the allegations in paragraph 12, but states further that the medical records explaining Plaintiff's medical conditions and the administrative record for Plaintiff of which they are a part speak for themselves.

13. Denies the allegations in paragraph 13, except admits that on or about December 11, 2006, Liberty Life determined that Plaintiff's LTD benefits were no longer payable. Further responding, Liberty Life states that the administrative record detailing the claims history speaks

for itself, and further that Liberty Life denies any mischaracterization the Plaintiff makes of its actions.

14. Denies the allegations in paragraph 14.

15. Denies the allegations in paragraph 15.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has sustained any injury or damage, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

**THIRD AFFIRMATIVE DEFENSE**

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

**FOURTH AFFIRMATIVE DEFENSE**

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit, or otherwise participate in any allegedly wrongful act or omission.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury of her claims.

**TENTH AFFIRMATIVE DEFENSE**

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be awarded in favor of Liberty Life;

3. The Court award Liberty Life its attorneys' fees and costs; and

4. The Court award such other and further relief as may deem just and proper.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

By its attorneys,

/s/ Rebecca McSweeney
Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

Guy P. Tully, BBO# 555625 (Motion for admission pro hac vice pending)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this 8th day of March, 2007 by filing a copy through the Court's ECF system, which generates a copy sent to Plaintiff's counsel, Robert D. Goldberg, Esq., and that such document is available for viewing and downloading.

/s/ Rebecca McSweeney