UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL SANDERS,<br>Plaintiff,<br>vs.<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br>Defendant. | C. A. NO. 07-012S |

**OPPOSITION OF LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life") opposes Plaintiff's Motion To Strike Affirmative Defenses. In that Motion, which is unsupported by any authority, Plaintiff seeks to strike Liberty Life's First (Plaintiff fails to state a claim upon which relief can be granted), Third (based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g))., Sixth (Plaintiff has no legal right to the compensatory relief sought in the Complaint), and Seventh (Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands). As set forth more fully below, .Plaintiff's motion should be denied because: (1) Plaintiff does not identify any authority for her motion; and (2) the defenses asserted are appropriately asserted in good faith.

**Plaintiff Failed To Identify Any Factual Basis or Legal Authority For Her Motion**

Plaintiff's motion should be denied as an initial matter because it does not identify any factual or legal support for the relief sought. The absence of any such support deprives Defendant the opportunity to meaningfully respond to the motion and places Defendant in the

untenable position of engaging in guesswork as to the basis of the motion. Plaintiff's failure to set forth any factual or legal basis for her motion is sufficient grounds to deny the motion.

**Plaintiff's Motion Is Meritless In Any Event**

Even if Plaintiff offered a legal basis for her motion, the motion should be denied in any event because the defenses at issue were properly asserted in good faith and should not be stricken. Fed. R. Civ. P. 8 (c) provides that a party may set forth affirmatively "any other matter constituting an avoidance or affirmative defense." See Rios v. Puerto Rico Ports Authority, 2005 U.S. Dist. LEXIS 36255 (D.PR, July 18, 2005) (slip op. at p. 1) Presumably, Plaintiff motion is based on Fed. R. Civ. P. 12(f), which provides, in pertinent part:

> Upon motion made by a party before responding to a pleading, or, if no pleading is permitted by these rules, upon motion made by a party . . . , the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

It is well settled that "Courts do not, however, view motions to strike affirmative defenses for legal insufficiency under Federal Rule of Civil Procedure 12(f) favorably." Villalobos v. North Carolina Growers Association, Inc. et al., 2000 U.S. Dist. LEXIS 22449, (D.PR, January 12, 2000) (slip op. at p. 2); quoting Bio-Vita, Ltd. V. Rausch, 759 F.Supp. 33, 39 (D.Mass. 1991). Indeed, "'the general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.'" Id.

Here, there can be little doubt that Defendant's Affirmative Defenses at issue are proper and should not be stricken. By way of example, Defendant's First Affirmative Defense (Plaintiff fails to state a claim upon which relief can be granted) and its Sixth Affirmative Defense (Plaintiff has no legal right to the compensatory relief sought in the Complaint) are not redundant but are a "variation of the traditional *Rule 12(b)(6)* defense which is sometimes placed in a

responsive pleading as an affirmative defense and an avoidance under *Rule 8(c)* . . ." Rios v. Puerto Rico Ports Authority et al., 2005 U.S.Dist. LEXIS 36255 (D.PR, July 18, 2005) (slip op. at p. 1). Therefore, Plaintiff's motion to strike those defenses should be denied.

Similarly, Defendant's Seventh Affirmative Defense (Plaintiff's Complaint is barred by the doctrines of waiver, estoppel, laches, and/or unclean hands) is properly asserted because all of those defenses asserted amount to a potential avoidance of liability. As set forth above, Plaintiff offers no authority supporting her request to strike the defenses at issue. Therefore, her motion should be denied.

WHEREFORE, Liberty Life prays that Plaintiff's Motion To Strike Affirmative Defenses be denied.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

By its attorneys,

/s/ Guy P. Tully
Guy P. Tully, BBO# 555625
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

/s/ Rebecca McSweeney
Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this 5th day of April, 2007 by filing a copy through the Court's ECF system, which generates a copy sent to Plaintiff's counsel, Robert D. Goldberg, Esq., and that such document is available for viewing and downloading.

/s/ Rebecca McSweeney