UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL SANDERS,

Plaintiff,

vs.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

C. A. NO. 07-012S

**DEFENDANT'S POSITION ON LIABILITY**

In accordance with the Court's Notice of Scheduling Conference and in anticipation of the April 11, 2007 Scheduling Conference, Defendant Liberty Life assurance Company of Boston submits its position on liability, as set forth below.

**Liberty Life Will Prevail At Summary Judgment Because Its Decision to Deny Plaintiff's Receipt of Long-Term Disability Benefits Was Not "Arbitrary and Capricious"**

Summary judgment in favor of Liberty Life will be appropriate in this matter because Liberty Life's denial of Plaintiff's claim for LTD benefits was not "arbitrary and capricious." The information available to Liberty Life at the time it considered Plaintiff's claim demonstrates that its decision with respect to Plaintiff's claim was reasonable.

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the United States Supreme Court held that "[c]onsistent with established principles of trust law, we hold that a denial of benefits under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan." Firestone, 489 U.S. at 115. The law in

the First Circuit is clear: "[w]here a benefits plan grants discretionary authority to the plan administrator, [the First Circuit Court of Appeals] review[s] this administrator's decisions to determine whether they are arbitrary and capricious." Sullivan v. Raytheon Co., 262 F.3d 41, 50 (1st Cir. 2001), cert. denied, 534 U.S. 1118 (2002) (citing Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000) and Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998)). In this case, such discretionary language is present. The Plan expressly states, at Section 7:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding.

Such language provides a clear grant of discretionary authority to Liberty Life by allocating to it the right to make factual findings, to determine eligibility for benefits, and/or to interpret the terms of the Plan.

The arbitrary and capricious standard requires this Court to determine only whether an administrator's decision is plausible in light of the record as a whole, or, put another way, whether the decision is within the administrator's authority, reasoned and supported by substantial evidence on the record, that is, evidence reasonably sufficient to support a conclusion. See Pari-Fasano v. ITT Hartford Life & Accid. Ins. Co., 230 F.3d 415, 419 (1st Cir. 2000); Sullivan v. Raytheon Corporation, 262 F.3d 41, 50 (1st Cir. 2001). Because this standard emphasizes reasonableness, the standard recognizes "that in order to find that an insurer had abused its discretion under the contract, [a court] would have to conclude that the insurer's eligibility determination was unreasonable in light of the information available to it." Pari-Fasano, 230 F.3d at 419.

Here, the Administrative Record in this case contains ample support for the decision to deny Plaintiff's claim for long-term disability benefits. Thus, Liberty Life's determination is supported by ample evidence on the record and is based upon that evidence. See Brigham v. Sun Life of Canada, 183 F. Supp.2d 427, 437 (D. Mass. 2002), affirmed by, 317 F.3d 72 (1st Cir. Mass. 2003) (finding that the existence of contrary medical assessments by plaintiff's treating physicians does not change the analysis under the arbitrary and capricious standard); Chandler v. Raytheon Employees Disability Trust, 53 F. Supp.2d 84, 91 (D. Mass. 1999), affirmed by, 229 F.3d 1133 (2000) (same).

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

By its attorneys,

/s/ Guy P. Tully
Guy P. Tully, BBO# 555625
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

/s/ Rebecca McSweeney
Rebecca McSweeney (R.I. Bar No. 4020)
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this 9th day of April, 2007 by filing a copy through the Court's ECF system, which generates a copy sent to Plaintiff's counsel, Robert D. Goldberg, Esq., and that such document is available for viewing and downloading.

/s/ Rebecca McSweeney